2012 JUN 14  AM 8: 30

1

2

3

4

5

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| AMERICANWEST BANK, a Washington State chartered bank, | Case No. 12-CV-1399 JLS (WVG) |
| Plaintiff, | IN ADMIRALTY |
| v. | ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL |
| P/V BRIGHT AND MORNING STAR, Official No. 635149, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, and MORNING STAR CHARTERS, INC., a California corporation, *in personam*, BENJAMIN D. GRIFFITH, *in personam*, SUSAN L. GRIFFITH, *in personam*, and THE GRIFFITH REVOCABLE LIVING TRUST DATED JANUARY 12, 1990, *in personam*, | F.R.C.P. Supplemental Admiralty Rules C and E.  46 U.S.C. Sections 30101-31343 |
| Defendants. | |

Plaintiff, AMERICANWEST BANK, by and through its attorneys, Brodsky, Micklow, Bull & Weiss, having appeared and made the following recitals:

1.      PLAINTIFF filed its Verified Complaint herein praying the DEFENDANT VESSEL be condemned and sold to pay PLAINTIFFS' demands and for other proper relief.

2.      PLAINTIFF anticipates that after the Court considers PLAINTIFF's Application for Appointment of Substitute Custodian and Authorizing Movement of Vessel, an Order will issue requiring that the Clerk of this Court issue a Warrant for Arrest of the DEFENDANT

1    VESSEL, and commanding the United States Marshal for this District to arrest and take into
2    custody the DEFENDANT VESSEL and to detain her in custody until further Order of this Court
3    respecting same.

4         3.       It is therefore contemplated that the United States Marshal will arrest the
5    DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services
6    of one or more keepers, and does not include charges for wharfage and the other services usually
7    associated with safekeeping vessels similar to the DEFENDANT VESSEL.

8         4.       United Sportfishers of San Diego, Inc., dba H&M Landing, which maintains a
9    private commercial wharf at 2803 Emerson Street, San Diego, California, has agreed to assume
10   the responsibility for safekeeping the said DEFENDANT VESSEL, and to act as her custodian
11   until further Order of this Honorable Court.   It will provide, as necessary under the
12   circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a
13   cost not to exceed prevailing rates of the Port of San Diego, and as described below and with
14   further particularity in the Declaration of Philip Lobred:

15        a.       Assume custody of the DEFENDANT VESSEL from the United States Marshal
16   at the place of her arrest (H&M Landing) and maintain and provide wharfage and custodial
17   services for her until further Order of the Court, with wharfage services to be charged at the rate
18   of $12.00 per foot of documented vessel length (i.e., 95 feet X $12 = $1,140.00 per month), with
19   the custodian component to be charged at the rate of fifty cents ($.50) per foot of documented
20   vessel length per day (i.e., $.50 X 95 = $47.50/day), with labor for required miscellaneous
21   required custodial services to be charged at $50.00 per hour, and with electrical services to be
22   charged at actual cost; the above rates shall not exceed those that are usual, customary and
23   prevailing in the Port of San Diego;

24        b.       As soon as possible after assuming custody of the DEFENDANT VESSEL,
25   photograph and/or video tape the interior and exterior of the vessel, and prepare a written
26   inventory of key equipment and property on the vessel which is not installed as part of the vessel,
27   with labor for all services to be charged at $50.00 per hour, and with a total cost for the above
28   services not to exceed $200.00;

1    c.    Periodically inspect mooring lines/fenders to assure safe and secure mooring;

2    d.    In addition to daily inspections of the exterior of the DEFENDANT VESSEL,
3    periodically as deemed prudent under the existing circumstances, but no less than weekly, at the
4    rate of $50.00 per inspection, access the interior of the vessel and inspect for watertight integrity,
5    excessive bilge water and fuel lubricant leaks. If it is determined that further action is necessary
6    beyond those detailed herein H&M Landing shall notify counsel for the arresting party, so he can
7    seek an appropriate Order from the Court.

8    e.    Provide, at usual and customary rates prevailing in the Port of San Diego,
9    additional services such as cleaning, minor maintenance, inspection of bottom by a diver for the
10   purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions,
11   as such services are deemed reasonably prudent and necessary.

12   f.    If PLAINTIFF so requests and agrees to pay the associated additional costs, start
13   and operate the DEFENDANT VESSEL's engines and other machinery twice monthly, and
14   effect requested repairs as necessary to bring machinery into operational condition.

15   g.    Provide other such services as may be required from time-to-time, by further Order
16   of the Court.

17   5.    The Substitute Custodian shall not sell the DEFENDANT VESSEL or release her
18   to anyone and/or let anyone aboard her, other than in the case of emergency or as otherwise
19   directed by the Court.

20   6.    PLAINTIFF, by the Declaration of Philip Lobred has averred that H&M Landing
21   has adequate facilities and supervision at its 2803 Emerson Street, San Diego facility for the
22   proper safekeeping of the DEFENDANT VESSEL, and that it maintains insurance policies
23   which protect it against occurrences of negligence during its custodianship. Those policies are:
24   a policy issued by Great American Insurance Company (Policy No. OMH5335434) providing
25   general marine liability coverage with an aggregate limit of $2,000,000.00 and a per occurrence
26   limit of $1,000,000.00, and a bumbershoot (excess) policy with an aggregate limit of
27   $3,000,000.00. H&M Landing also maintains worker compensation coverage with Zenith
28   Insurance Company (No. C069384704). H&M Landing does not maintain hull, machinery or

1  protection a indemnity insurance.  Further, in said Declaration the Substitute Custodian accepts,

2  in accordance with the terms of the this Order Appointing Substitute Custodian and Authorizing

3  Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle,

4  apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto appertaining and

5  belonging, which is the subject of the action herein.

6      7.      PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of

7  custodian, agrees to release the United States and the Marshal from any and all liability and

8  responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines,

9  boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto

10  appertaining and belonging, from the time the United States Marshal transfers possession of the

11  DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agrees

12  to hold harmless and indemnify the United States and the Marshal from any and all claims

13  whatsoever arising out of the Substitute Custodian's possession and safekeeping.

14      **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the

15  Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT

16  VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other

17  necessaries thereunto appertaining and belonging, pursuant to Warrant for Arrest to be issued

18  by the Clerk of this Court pursuant to Order of the Court, to surrender the possession thereof to

19  the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be

20  discharged from its duties and responsibilities for the safekeeping of the DEFENDANT

21  VESSEL and held harmless from and against any and all claims whatever arising out of said

22  substituted possession and safekeeping.

23      **IT IS FURTHER ORDERED** that H&M Landing be and is hereby appointed the

24  custodian of said DEFENDANT VESSEL, to retain the same in its custody for possession and

25  safekeeping for the aforementioned compensation and in accordance with the Declaration of

26  Philip Lobred and the recitals herein contained until further Order of this Court.

27  ///

28  ///

1   **IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy of

2   said Order to the person(s) believed to be the owner(s) of the DEFENDANT VESSEL.

3

4   Dated: June 13, 2012

                                William V. Gallo

5                           UNITED STATES MAGISTRATE JUDGE